Saul S. Streit, J.
Defendants, Waterfront Commission of New York Harbor and District Attorney Hogan, move for summary judgment dismissing the complaint and plaintiffs cross-move for summary judgment in their favor.
The action is brought by the International Longshoremen’s Association (hereinafter referred to as “ I. L. A.”), and four persons, two of whom are employees of I. L. A., one an employee of an I. L. A. local, and the fourth an officer of an I. L. A. local and district. It seeks a declaratory judgment that section 8 of the Waterfront Commission Act (L. 1953, ch. 882, as amd. by L. 1957, ch. 188) as amended in 1961 (L. 1961, ch. 211) is unconstitutional. A declaration is also sought that section 8, as amended, has no application to the receipt in New York of dues collected from persons working outside the State or of dues so collected from persons engaged in operations not subject to the act.
Section 8 of the original act has been held constitutional (De Veau v. Braisted, 363 U. S. 144, affg. 5 N Y 2d 236). Section 8, in its original form, forbade the solicitation, collection or receipt of dues, assessments, levies, fines or contributions from employees registered or licensed under the act, for or on behalf of any labor organization representing any such employees, if any officer or agent of such organization had been convicted of a felony, unless such officer or agent had been subsequently pardoned or received a certificate of good conduct from a Board of Parole. The purpose of this section was to eliminate criminal influence in the affairs of I. L. A., because it had been found that criminal control of I. L. A. locals had caused or contributed to the existence of unsavory, corrupt and evil conditions on the waterfront.
A report to the Legislature by the New York State Crime Commission, after hearings held in 1960, found that criminal elements were circumventing the provisions of section 8 {supra) in various ways. Convicted persons who were ineligible to serve as officers or agents were employed as “ clerks ” or in other capacities at the high salaries they had previously received as officers or agents; or were given employment by I. L. A. welfare funds which were not covered by section 8 in its original form.
*520 In addition, I. L. A. issued charters to locals formed for the specific purpose of taking care of criminals who were barred by section 8 from being officers or agents of labor organizations representing employees registered or licensed under the act. These newly-formed locals did not represent registered or licensed waterfront workers. The result of these stratagems and devices was to frustrate the beneficent purposes of section 8 and render its provisions abortive. The Crime Commission’s report made special recommendations to the Governors and Legislatures of New York and New Jersey. Upon the basis of these recommendations, the New York Legislature amended section 8 in a number of respects (L. 1961, ch. 211). The section was extended to cover (I) any union chartered by I. L. A., (2) welfare funds or trusts administered, partially or wholly, by I. L. A. or its designees, or its locals, and (3) employees (in addition to officers and agents who, alone, were covered by the original section). In addition, the section was amended to add to the felonies covered by the original section, misdemeanors involving moral turpitude and specifically, crimes such as treason; murder; manslaughter; receiving stolen goods; unlawful entry of .building; possession or distribution of narcotics; theft from a vessel, pier or other waterfront terminal; illegal possession of a pistol or other dangerous weapon; and the making or possession of burglar’s instruments (see act, § 5-n, subd. 3, par. [b]). Section 8-a was also added, which authorizes the Waterfront Commission to grant exemptions from section 8, as amended, upon applications for such exemption by convicted criminals, in cases where the commission, in its discretion, determined that such exemption would not be contrary to the purposes and objectives of the act.
The first contention of plaintiffs is that the amendments, in effect, amend the interstate compact between New York and New Jersey without the required approval of the Congress of the United States. Sections 8 and 8-a are, however, not part of the compact and therefore do not require the approval of Congress. The compact consists only of section 1 of the act. The other sections are not included in the compact, as pointed out by the United States Supreme Court in De Veau v. Braisted (supra, pp. 150, 151, 153). Sections 8 and 8-a come within the legislation specifically authorized by Congress in its consent to enactments in furtherance of the act (De Veau v. Braisted, supra, p. 151).
Plaintiffs further maintain that the amendments conflict with and are pre-empted by the National Labor Relations Act and by subdivision (a) of section 504 of the Labor-Management *521 Reporting and Disclosure Act of 1959. In De Veau v. Braisted (supra) the contention that section 8, in its original form, violated these acts (U. S. Code, tit. 29, §§ 151, 157, 504, subd. [a]) was overruled. The opinion of Mr. Justice Frankfurter stated (p. 152) that “ Section 8 of the Waterfront Commission Act does not operate to deprive waterfront employees of opportunity to choose bargaining representatives ” but merely disables them from choosing ex-felons as their representatives. As to the Labor-Management Reporting and Disclosure Act, the opinion stated (p. 156) that “When Congress meant pre-emption to flow from the 1959 Act it expressly so provided. # * * No such pre-emption provision was provided in connection with § 504 (a). That alone is sufficient reason for not deciding that § 504 (a) pre-empts § 8 of the Waterfront Commission Act.” These observations and holdings are equally applicable to the amendments attacked in this action as unconstitutional.
Plaintiffs further contend that the amendments violate the due process clause of the Fourteenth Amendment to the United States Constitution, in extending the coverage of section 8 to collections from persons not subject to the act, either because their activities are not within the scope of the act or because they function outside the State of New York. The fact that the amendments extend to collections from persons not subject to the act does not render them violative of due process. The basis upon which the original section 8 was held constitutional was that the exclusion of convicted felons from I. L. A. and from local unions was “ a reasonable means for achieving a legitimate state aim, namely, eliminating corruption on the waterfront ” (De Veau v. Braisted, supra, p. 157 et seq.). The opinion was not predicated upon the fact that section 8, in its original form, was limited to collections from persons covered by the act. To permit I. L. A., locals chartered by it, and its welfare funds to employ and be dominated by criminal elements, would contribute substantially to the evil waterfront conditions which the act sought to eliminate. Collection of dues from anyone, whether or not an employee on the New York waterfront, would tend to enable I. L. A. to continue its existence and to exert an evil influence upon the waterfront through the criminal elements controlling its operations. Nor does the fact that the amendment to section 8 extends to collections received in New York State from those functioning outside the State render it repugnant to the due process provisions of the Federal Constitution. The amendment is expressly limited to soliciting collections or receipts occurring “ within the state ”. It does not attempt to deal with activities outside the State.
*522 Plaintiffs ’ contention, that the extension of the disqualification to persons committing misdemeanors involving moral turpitude and to the crimes specified in section 5-n (subd. 3, par. [b]) of the act is unconstitutional, is overruled. The evils to be reasonably anticipated if I. L. A. or its locals are permeated with persons convicted of the crimes added by the amendment are scarcely different from those to be expected from the influence of convicted felons. Although the opinion in Be Veau v. Braisted (supra) dealt with convicted felons, who alone were disqualified by the original section 8, there is nothing in the court’s opinion to indicate that its decision would have been different as to persons disqualified because they had been convicted of misdemeanors involving moral turpitude or the crimes enumerated in section 5-n (subd. 3, par. [b]) of the Waterfront Commission Act.
Nor is there any merit to the argument that the extension of section 8 to convicted employees is unconstitutional. The evils sought to be combated are to be apprehended regardless of whether the convicted criminals are paid salaries and supported by I. L. A. (or by its locals or welfare funds) as “ employees ” or as “ officers and agents.” The descriptions of the positions held are of no importance from the standpoint of the ability of the persons holding them to exert corrupt influence upon the waterfront.
For the reasons indicated, the court holds that the 1961 amendments are constitutional. The court also holds that they apply to receipts in this State from persons outside the State and to receipts in this State from persons not subject to regulation under the act. It is, accordingly, unnecessary to decide the other grounds for dismissal urged by defendants. The motion to dismiss is granted and the cross motion denied.